**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

-------------------------------------------------------------X
MARY CONNER, Individually and as the
representative of a class of similarly situated persons,

             Case No. 23-cv-

     Plaintiff,

    - against -

CHARLES & COLVARD, LTD. and
CHARLESANDCOLVARD.COM, LLC.,

       Defendants.
-------------------------------------------------------------X

## <u>COMPLAINT – CLASS ACTION</u>

### <u>INTRODUCTION</u>

1. Plaintiff, Mary Conner ("<u>Plaintiff</u>" or "<u>Conner</u>"), brings this action on behalf of herself and all other persons similarly situated against Defendants Charles & Colvard, Ltd. and Charlesandcolvard.com, LLC (hereinafter jointly referred to as "<u>Charles & Colvard</u>" or "<u>Defendants</u>"), and states as follows:

2. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision; others have no vision.

3. Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report.

1

4. Plaintiff brings this civil rights action against Charles & Colvard for their failure to design, construct, maintain, and operate their website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired persons. Defendants are denying blind and visually-impaired persons throughout the United States with equal access to the goods and services Charles & Colvard provides to their non-disabled customers through http//:www.Charlesandcolvard.com (hereinafter "Charlesandcolvard.com" or "the website"). Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (the "ADA").

5. Charlesandcolvard.com provides to the public a wide array of the goods, services, price specials, employment opportunities and other programs offered by Charles & Colvard. Yet, Charlesandcolvard.com contains thousands of access barriers that make it difficult if not impossible for blind and visually-impaired customers to use the website. In fact, the access barriers make it impossible for blind and visually-impaired users to even complete a transaction on the website. Thus, Charles & Colvard excludes the blind and visually-impaired from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind and visually-impaired persons to fully and independently access a variety of services.

6. Plaintiff visited Defendants' website for purposes of making a purchase. However, Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining

2

whether places of public accommodation and/or their websites and apps are in compliance with the ADA.

7. The blind have an even greater need than the sighted to shop and conduct transactions online due to the challenges faced in mobility. The lack of an accessible website means that blind people are excluded from experiencing transacting with Defendants' website and from purchasing goods or services from Defendants' website.

8. Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendants have chosen to rely on an exclusively visual interface. Charles & Colvard's sighted customers can independently browse, select, and buy online without the assistance of others. However, blind persons must rely on sighted companions to assist them in accessing and purchasing on Charlesandcolvard.com.

9. By failing to make the website accessible to blind persons, Defendants are violating basic equal access requirements under both state and federal law.

10. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

11. Plaintiff browsed and intended to make an online purchase of jewelry including the 4 CTW Round Caydia Lab Grown Diamond Four Prong Solitaire Stud Earrings 14K Yellow Gold and the 1.20 CTW DEW Pear Forever One Moissanite Toi et Moi Necklace 14K Yellow Gold on Charlesandcolvard.com. However, unless Defendants remedy the numerous access

3

barriers on its website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use, and complete a transaction on Charlesandcolvard.com.

12. Because Defendants' website, Charlesandcolvard.com, is not equally accessible to blind and visually-impaired consumers, it violates the ADA. Plaintiff seeks a permanent injunction to cause a change in Charles & Colvard's policies, practices, and procedures to that Defendants' website will become and remain accessible to blind and visually-impaired consumers. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 133(d)(2).

14. This Court also has supplemental jurisdiction over pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under State Law.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 144(a) because Plaintiff resides in this District, Defendants conduct and continue to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District.

16. Defendants are registered to do business in the State of North Carolina and have been conducting business in North Carolina, including in this District. Defendants maintain Brick-and-mortar places of accommodation in this District which are subject to personal jurisdiction in

4

this District. Defendants also have been and are committing the acts alleged herein in this District and have been and are violating the rights of consumers in this District and have been and are causing injury to consumers in this District. A substantial part of the act and omissions giving rise to Plaintiff's claims have occurred in this District.

## PARTIES

17. Plaintiff, is and has been at all relevant times a resident of Mecklenburg County, State of North Carolina.

18. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(l)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Plaintiff, Mary Conner, cannot use a computer without the assistance of screen reader software. Plaintiff, Mary Conner, has been denied the full enjoyment of the facilities, goods and services of Charlesandcolvard.com, as well as to the facilities, goods and services of Defendants' brick and mortar locations, as a result of accessibility barriers on Charlesandcolvard.com.

19. Defendant, Charles & Colvard, Ltd., is a North Carolina Domestic business corporation with its principal place of business located at 170 Southport Drive, Morrisville, NC 27560.

20. Defendant, Charlesandcolvard.com, LLC, is a North Carolina Domestic limited liability company with its principal place of business located at 170 Southport Drive, Morrisville, NC, 2756

21. Defendants own and operate Charles & Colvard Shops (hereinafter, "Charles & Colvard Shops" or "Shops"), which is a place of public accommodation. Charles & Colvard maintain physical Charles & Colvard Shops in North Carolina.

22. The Charles & Colvard Shops provide to the public important and enjoyable goods and services such as the most brilliant moissanite and lab grown diamond jewelry that is

5

affordable and ethically sourced amongst the many items offered for sale. Defendants also provide to the public a website known as Charlesandcolvard.com which provides consumers with access to an array of goods and services offered to the public by the Charles & Colvard Shops, including, the ability to learn about the variety of ethically sourced and affordable moissanite and lab-grown diamond jewelry sold at the Charles & Colvard Shops and the ability to make online purchases, all with the click of a mouse. The Website also lets the visitor learn about promotions, and learn about Charles & Colvard and information about the Charles & Colvard Shops' locations, and times of operation, among other features. The inaccessibility of Charlesandcolvard.com has deterred Plaintiff from making an online purchase of the 4 CTW Round Caydia Lab Grown Diamond Four Prong Solitaire Stud Earrings 14K Yellow Gold and the 1.20 CTW DEW Pear Forever One Moissanite Toi et Moi Necklace 14K Yellow Gold.

23. Defendants' locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendants' website is a service, privilege, or advantage that is heavily integrated with Defendants' physical Charles & Colvard Shops and operates as a gateway thereto.

## NATURE OF THE CASE

24. The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike.

25. The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless

6

websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

26. For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind user is unable to access the same content available to sighted users.

27. Blind users of Windows operating system-enabled computers and devises have several screen-reading software programs available to them. Job Access With Speech, otherwise known as "JAWS" is currently the most popular, separately purchase and downloaded screen-reading software program available for blind computer users.

28. The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired persons. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible. Many Courts have also established WCAG 2.0 as the standard guideline for accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to: adding invisible alt-text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse, ensuring that image maps are accessible, and adding headings so that blind persons can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader.

**FACTUAL ALLEGATIONS**

29. Defendants own and operate the Charles & Colvard Shops in North Carolina and provide the most brilliant moissanite and lab grown diamond jewelry that is both affordable and ethically sourced, amongst the many items offered for sale to the public.

30. Charlesandcolvard.com is a service and benefit offered by Defendants in North Carolina and throughout the United States. Charlesandcolvard.com is owned, controlled and/or operated by Charles & Colvard, Ltd. and Charlesandcolvard.com, LLC.

31. Charlesandcolvard.com is a commercial website that offers products and services for online sale that are available in the Charles & Colvard Shops. The online Shops allow the user to browse and learn about the products and services provided at the Charles & Colvard Shops, including learning about the different types of moissanite and lab grown diamond jewelry offered for sale, make purchases, and perform a variety of other functions.

32. Among the features offered by Charlesandcolvard.com are the following:

(a) learning information about Charles & Colvard Shops including, allowing persons who wish to visit the Shops to learn its location, hours of operation, and phone numbers;

(b) an online Charles & Colvard Shop, allowing customers to learn about and purchase ethically sourced and affordable moissanite and lab-grown diamond jewelry for delivery to their doorstep; and

(c) learning about the company, learning about shipping and return policies, learning about career opportunities, learning about how the diamonds are made, and learning about promotions.

33. This case arises out of Charles & Colvard's policy and practice of denying the blind access to Charlesandcolvard.com, including the goods and services offered by Charles & Colvard through Charlesandcolvard.com. Due to Charles & Colvard's failure and refusal to remove access barriers to Charlesandcolvard.com, blind individuals have been and are being

8

denied equal access to Charles & Colvard, as well as to the numerous goods, services and benefits offered to the public through Charlesandcolvard.com.

34. Charles & Colvard denies the blind access to goods, services and information made available through Charlesandcolvard.com by preventing them from freely navigating Charlesandcolvard.com.

35. Charlesandcolvard.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen-reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible drop-down menus, the lack of navigation links, the lack of adequate prompting and labeling, the denial of keyboard access, empty links that contain no text, redundant links where adjacent links go to the same URL address, and the requirement that transactions be performed solely with a mouse.

36. Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen-reader can speak the alternative text while sighted users see the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Charlesandcolvard.com that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics (screen-readers detect and vocalize alt-text to provide a description of the image to a blind computer user). As a result, Plaintiff and blind Charlesandcolvard.com customers are unable to determine what is on the website, browse the website or investigate Charles & Colvard's web pages and/or make purchases.

37. Charlesandcolvard.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen-readers to locate and accurately fill-out online forms. On a shopping site such as Charlesandcolvard.com, these forms

9

include search fields to locate products, search fields used to select color, clarity, cut, and quantity, and fields used to fill-out personal information, including address and credit card information. Due to lack of adequate labeling, Plaintiff and blind customers cannot make purchases or inquiries as to Defendants' products, nor can they enter their personal identification and financial information with confidence and security.

38. Specifically, when Plaintiff, using JAWS, attempted to make a purchase, she encountered the following problems:

1. Plaintiff was unable to complete a purchase on this website. When selecting an individual product, a customer must select which color grade they want before the website allows them to add the item to the shopping cart. A sighted user will see the color grade options on the right side of the screen. However, the screen reader will read all the color grade options as one, leaving Plaintiff and blind user unable to choose between the color grades. Consequently, Plaintiff was unable to add her items to her shopping cart and could not complete any purchase. This is a critical error.
2. Plaintiff was unable to utilize the website's search function. The search button at the top right of the home page is simply read as "button" by the screen reader. Plaintiff and other blind users will have no idea what this button does and will not be able to utilize the search function to locate products.
3. Plaintiff was unable to access Defendants' social media pages. The bottom of the home page has links to various social media pages belonging to Defendants. The screen reader announces these as just "links." Plaintiff and other blind users will have no idea what these buttons do and are unable to use the website to connect with Charles & Colvard on social media and find out more information about their products and services.

Consequently, Plaintiff and blind visitors to the website are unable to complete a transaction.

39. On Charlesandcolvard.com, blind customers are not aware if the desired products have been added to the Shopping cart because the screen-reader does not indicate the type of product or quantity. Therefore, blind customers are essentially prevented from purchasing any products on Charlesandcolvard.com.

40. Furthermore, Charlesandcolvard.com lacks accessible image maps. An image map is a function that combines multiple words and links into one single image. Visual details on this single image highlight different "hot spots" which, when clicked on, allow the user to

10

jump to many different destinations within the website. For an image map to be accessible, it must contain alt-text for the various "hot spots." The image maps on Charlesandcolvard.com's menu page do not contain adequate alt-text and are therefore inaccessible to Plaintiff and the other blind individuals attempting to make a purchase. When Plaintiff tried to access the menu link in order to make a booking and purchase, she was unable to access it completely.

41. Moreover, the lack of navigation links on Defendants' website makes attempting to navigate through Charlesandcolvard.com even more time consuming and confusing for Plaintiff and blind consumers.

42. Charlesandcolvard.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Charlesandcolvard.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently navigate and/or make purchases and bookings on Charlesandcolvard.com.

43. Due to Charlesandcolvard.com's inaccessibility, Plaintiff and blind customers must in turn spend time, energy, and/or money to make their purchases at the Charles & Colvard Shops. Some blind customers may require a driver to get to the Charles & Colvard Shops or require assistance in navigating the Charles & Colvard Shops. Unfortunately, Plaintiff could not even locate a Charles & Colvard Shops location on the website. By contrast, if Charlesandcolvard.com was accessible, a blind person could independently investigate products and programs and make purchases and/or reservations via the Internet as sighted individuals can and do. According to WCAG 2.0 Guideline 2.4.1, a mechanism is necessary to bypass blocks of

content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the website. Plaintiff must tab through every navigation bar option and footer on Defendants' website in an attempt to reach the desired service. Thus, Charlesandcolvard.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make purchases on Charlesandcolvard.com.

44. Charlesandcolvard.com thus contains access barriers which deny the full and equal access to Plaintiff, who would otherwise use Charlesandcolvard.com and who would otherwise be able to fully and equally enjoy the benefits and services of Charles & Colvard in North Carolina and throughout the United States.

45. Plaintiff, Mary Conner, has made numerous attempts to make purchases on Charlesandcolvard.com, most recently on June 7, 2023, and June 11, 2023, but was unable to do so independently because of the many access barriers on Defendants' website. These access barriers have caused Charlesandcolvard.com to be inaccessible to, and not independently usable by, blind and visually-impaired persons. Amongst other access barriers experienced, Plaintiff was unable to make an online purchase of clothing including the 4 CTW Round Caydia Lab Grown Diamond Four Prong Solitaire Stud Earrings 14K Yellow Gold and the 1.20 CTW DEW Pear Forever One Moissanite Toi et Moi Necklace 14K Yellow Gold.

46. Moreover, if Defendants remove the access barriers that currently exist on the Website, Plaintiff will definitely visit the Website in the future to inquire about additional affordable and ethically sourced diamond jewelry for delivery to her doorstep. Just because you're blind doesn't mean you can't look fashionable. Plaintiff enjoys browsing for new diamond jewelry, and wearing diamond earrings and necklaces makes her feel beautiful, even if she can't see what she looks like. When Plaintiff learned about the affordability of moissanite

diamonds and the new lab grown diamonds by browsing accessible websites and articles, she was very excited very excited about the new price points. Local friends informed Plaintiff of the high-jewelry that Defendants offer and Plaintiff was interested in making purchases on their website, but was unable to do so because of the access barriers. Plaintiff likes that the diamonds Defendants use are sourced in an ethical and environmentally conscious manner, without compromising on quality. If the website was accessible to the blind, Plaintiff will be able to visit Defendants' website and purchase jewelry without the need to visit the physical location and avoid all the challenges that blind people face when venturing out. Plaintiff has bought similar items from other (accessible) online vendors in the past. However, since Defendants' fashionable products are superior to its competition and the prices appear more competitive, Plaintiff would continue to make purchases on Defendants' website if it was accessible. Unlike a brick-and-mortar facility, a website is instantly accessible at any moment, and, thus, an inability to make a purchase can only be attributed to access barriers (whereas for brick-and-mortar locations it can be attributed to proximity, travel time, etc.). *See Sanchez v. Nutco, Inc*., 10-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at *7 (S.D.N.Y. Mar. 22, 2022) (citing *Quezada v U.S. Wings, Inc*., 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7 2021)). Determining whether an ADA website accessibility complaint properly allege whether plaintiff lives in "close proximity" to a specific location makes no sense when goods can be browsed, bought, and delivered to Plaintiff's home through a website. Likewise, factual considerations of an intent to return regarding a physical location, such as how often the plaintiff walks by the location, or how often they enter the facility, are not applicable. *Cf. Lopez v. Arby Franchisor, LLC*, 19-CV-10074 (VSB) 2021 U.S. Dist. LEXIS 43838. at *10 (S.D.N.Y. March 8, 2021). Plaintiff made numerous attempts to make purchases on the website during April, May, and June 2023 without success and will definitely make purchases of items such as diamond earrings,

13

necklaces, rings, bracelets which are sold on the website and which currently cannot be purchased by blind persons.

47. As described above, Plaintiff has actual knowledge of the fact that Defendants' website, Charlesandcolvard.com, contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually-impaired persons.

48. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Charlesandcolvard.com and the Charles & Colvard Shops.

49. Defendants engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a) constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

50. Defendants utilize standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

51. Because of Defendants' denial of full and equal access to, and enjoyment of, the goods, benefits and services of Charlesandcolvard.com and the Charles & Colvard Shops, Plaintiff and the class have suffered an injury-in-fact which is concrete and particularized and actual and is a direct result of Defendants' conduct.

## CLASS ACTION ALLEGATIONS

52. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Charlesandcolvard.com and as a result have been denied access to the enjoyment of goods and services offered by Charles & Colvard, during the relevant statutory period."

53. Plaintiff seeks certification of the following North Carolina subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in the State of North Carolina who have attempted to access Charlesandcolvard.com and as a result have been denied access to the enjoyment of goods and services offered by Charles & Colvard, during the relevant statutory period."

54. There are thousands of visually-impaired persons in North Carolina. There are approximately 8.1 million people in the United States who are visually-impaired. *Id*. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

55. This case arises out of Defendants' policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Charlesandcolvard.com and Charles & Colvard. Due to Defendants' policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and Shops on Charlesandcolvard.com and by extension the goods and services offered through Defendants' website to Charles & Colvard.

56. There are common questions of law and fact common to the class, including without limitation, the following:

(a) Whether Charlesandcolvard.com is a "public accommodation" under the ADA;

15

(b) Whether Charlesandcolvard.com is a "place or provider of public accommodation" under the laws of North Carolina;

(c) Whether Defendants, through its website, Charlesandcolvard.com, deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

(d) Whether Defendants, through its website, Charlesandcolvard.com, deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the law of North Carolina.

57. The claims of the named Plaintiff are typical of those of the class. The class, similar to the Plaintiff, is severely visually-impaired or otherwise blind, and claims Charles & Colvard has violated the ADA, and/or the laws of North Carolina by failing to update or remove access barriers on their website, Charlesandcolvard.com, so it can be independently accessible to the class of people who are legally blind.

58. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

59. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

16

60. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

61. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FIRST CAUSE OF ACTION
(Violation of 42 U.S.C. §§ 12181 *et seq*. – Title III of the Americans with Disabilities Act)

62. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 of this Complaint as though set forth at length herein.

63. Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

64. The Charles & Colvard Shops located in North Carolina is a sales establishment and public accommodation within the definition of 42 U.S.C. §§ 12181(7)(H). Charlesandcolvard.com is a service, privilege or advantage of Charles & Colvard. Charlesandcolvard.com is a service that is by and integrated with the Charles & Colvard Shops.

65. Defendants are subject to Title III of the ADA because they own and operate the Charles & Colvard Shops.

66. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful

17

discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

67. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

68. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

69. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

70. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired. These guidelines have been followed by other business entities in making their websites accessible, including but not limited

18

to ensuring adequate prompting and accessible alt-text.  Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendants' business nor result in an undue burden to Defendants.

71. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq*., and the regulations promulgated thereunder.  Patrons of Charles & Colvard who are blind have been denied full and equal access to Charlesandcolvard.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

72. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

73. As such, Defendants discriminate, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Charlesandcolvard.com and Charles & Colvard in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*. and/or its implementing regulations.

74. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

75. The actions of Defendants were and are in violation of the ADA, and therefore Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

76. Plaintiff is also entitled to reasonable attorneys' fees and costs.

77. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### (Declaratory Relief)

78. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 75 of this Complaint as though set forth at length herein.

79. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendants deny, that Charlesandcolvard.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Charlesandcolvard.com and by extension Charles & Colvard, which Charles & Colvard owns, operates and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the American with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., prohibiting discrimination against the blind.

80. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a)   A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*.;

b)   A preliminary and permanent injunction requiring Defendants to take all the steps necessary to make its website, Charlesandcolvard.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Charlesandcolvard.com is readily accessible to and usable by blind individuals;

c)   A declaration that Defendants own, maintain and/or operate their website, Charlesandcolvard.com, in a manner which discriminates against the blind and which fails

20

to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*.;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under Federal and State laws;

f) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

g) For pre- and post-judgment interest to the extent permitted by law; and

h) For such other and further relief which this court deems just and proper.

This is the 22nd day of June, 2023

                    LAW OFFICES OF SANJAY R. GOHIL, PLLC

                    By:___/s/ Sanjay R. Gohil_____
                         Sanjay R. Gohil
                         NC State Bar No. 24250
                         2435 Plantation Center Drive, Suite 200
                         Matthews, NC 28105
                         Telephone: (704) 814-0729
                         Facsimile: (704) 814-0730
                         E-mail: srg@gohillaw.com

                         - And -

                    SHAKED LAW GROUP, P.C.

                      By:*/s/Dan Shaked*_____
                        Dan Shaked, Esq.
                        14 Harwood Court, Suite 415
                        Scarsdale, NY 10583
                        Tel. (917) 373-9128
                        e-mail: ShakedLawGroup@Gmail.com
                    Counsel for Plaintiff